ACCEPTED
03-15-00642-CV
8169789
THIRD COURT OF APPEALS
AUSTIN, TEXAS
12/10/2015 2:09:59 AM
JEFFREY D. KYLE
CLERK

## IN THE THIRD COURT OF APPEALS
## AUSTIN TEXAS

| | | |
|---|---|---|
| DENNIS TUMLINSON | § | FILED IN<br>3rd COURT OF APPEALS<br>AUSTIN, TEXAS |
| V. | § | 03-15-00642-CV |
| CAROLYN BARNES, ET AL | § | 12/10/2015 2:09:59 AM<br>JEFFREY D. KYLE<br>Clerk |

## MOTION TO EXTEND TIME FOR FILING APPELLEE'S BRIEF

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, CAROLYN BARNES, hereinafter referred to as BARNES, and files this motion to extend time for filing Appellee's Brief, and in support thereof would show the court as follows:

1.    Barnes is still awaiting the clerk and court reporter's record, which the Clerk's Office states they mailed on December 4, 2015. The Clerk has blamed the delay on the holidays, but this is the 9th and the CD with the record still has not arrived.

2.    Barnes has sent several emails to opposing counsel and not obtained any response with respect to his agreement for this extension of time. Just prior to printing this document so it could be placed in the mail, Barnes received a response from opposing counsel stating that he had no idea what Barnes was talking about or requesting and so Barnes resent all her prior emails and asked again for his agreement for this extension of time.

1

Barnes had not received a response, but has stated that if no response is made, she will assume that there is no objection.

3.     Rather than continue to wait on the CD and a response from opposing counsel, Barnes now files this motion to extend time for filing Appellee's Brief.

4.     The Brief is due today, but Barnes does not yet have the record to incorporate the requisite cites in the brief.

5.     Tumlinson certainly will not be harmed by the delay because Barnes has been foreclosed from appealing the summary dismissal of the other Travis County defendants in this case due to the bias in the trial court and the retaliation against Barnes for exercising her right to petition for redress of grievances in the courts of law.

6.     Barnes suspects that the record will not be complete when it is received and she will also have to file a motion to supplement the record. It is obvious from the Appellant's brief that the Travis County Attorney's are continuing their duplicity and dishonesty with respect to the critical facts in this case. They have made substantial misrepresentations of material fact in their brief, which will require extraordinary citing to the record. This is not only abusive, it is oppressive.

7.    The trial court has failed and refused to sever the dismissed parties from the suit so that Plaintiff can appeal the summary dismissal of those defendants under an abuse of Chapter 13 Tex. R. Civ. Proc. Plaintiff is being hindered from appealing the adverse rulings of the trial court, while Tumlinson is allowed an interlocutory appeal. This is patently unfair when the abuser and criminal is employed by the government and can destroy all the evidence of his crime and the malicious, violent assault on Barnes. This assault was in broad daylight in the Travis County Courthouse clearly captured on the security video cameras. Despite Barnes securing an immediate Order from a District Judge to preserve and protect that video recording that would prove the truth, these State employees destroyed the video anyway. Despite numerous open records requests, letters and packets to four separate grand juries that were intercepted by the State employees, and requests under the freedom of information act, all discovery was denied to Barnes in both the malicious prosecution and in the civil case which is now being appealed. Barnes served discovery but the biased trial court allowed all the defendants to merely ignore the discovery requests. The trial court even refused to hear the motions to compel discovery.

8.    Due to the continuing criminal conspiracy, these appeals are much more involved that regular appeals and require much more work to

3

brief and present. In a normal case, the parties will have been allowed some semblance of substantive due process and would have been afforded the due course of law and equal rights, but Barnes has been deprived of all rights secured by the Texas Bill of Rights for five years now. Barnes has even been deprived of any right to file a petition to redress these grievances through declaratory judgment and prospective injunctive relief. The trial court dismissed all the defendants under the false pretense that all these criminal offenders have absolute sovereign immunity to violate the Texas Bill of Rights and there is not a damn thing the people can do about it.

9. Dennis Tumlinson was a drunk-on-the-job with a long history of abusing people. There are several documented disciplinary actions where he abused inmates and co-workers and even another lawyer exactly a year prior to his assault on Barnes. Now, he is made to look like a hero and referred to as "Travis County Sheriff's Office Senior Certified Peace Officer" to bolster his image and make it appear that he is not the abusive, misogynous, attacker and liar that he is.

10. Barnes timely filed her notice of appeal from the summary dismissal of the other Travis County defendants, but is not being allowed to proceed with those appeals. It is patently unfair to allow this interlocutory appeal while depriving Barnes of any rights to appeal.

4

11.    The brief is due on December 9, 2015, and Barnes has still not been able to access the record on appeal to make the proper cites as required in the brief.

12.    Barnes is not allowed to access any internal records of any of the courts. Barnes has been left indigent as a direct and proximate result of the malicious actions of the criminal conspiracy and the complete suspension of the laws, Constitution, and writ of habeas corpus for the past five years.

13.    Barnes timely requested a copy of the record on appeal and was told it would be mailed, and is now being told that it was mailed on December 4, 2015. Barnes has no vehicle and cannot just drive into Austin and secure a copy of this CD physically and must rely on the mail. If the CD does not arrive this week, Barnes will have to borrow a car and will physically go in and get a copy of the record.

14.    To be timely, the brief should be mailed to the Court today; however, without the CD or any access to the record on appeal, Barnes is unable to properly cite to the record on appeal in the brief as required by the federal rules of appellate procedure.

15.    Barnes is requesting an extension of time for 14 days because until the CD arrives, Barnes will be unable to complete the brief and will not

5

be able to see if the hyperlinks will work or if she will be required to supplement the record on appeal. This is a time consuming process with such a voluminous record.

16.    This will cause no harm or delay to the other side because when Barnes filed her appeals and motion to sever to make the summary dismissals final, the trial court failed and refused to sever the summary dismissal orders and parties. Thus, Barnes is not able to appeal those companion decisions that were made and heard at the same time as Tumlinson's motion to dismiss under Chapter 13.

17.    Thus, the Appellee's Brief is due on December 9, 2015. Barnes has been corrected by opposing counsel that the brief was actually due November 30, 2015 because it is an expedited appeal; however he has agreed to the extension of time. Barnes is requesting an extension of time to December 23, 2015 and opposing counsel has agreed to this request for an extension of time. Barnes will make every effort to file the brief earlier if the hyperlinks in the CD work and if the CD is in a searchable pdf format when it arrives. If the record is complete, Barnes will file the brief before the December 23, 2015 date. If the record is not complete, Barnes will immediately send a letter to the Clerk to supplement the record.

18. Barnes is requesting an extension of time for 14 days and this is her first request for an extension of time. This request is being made in good faith and not merely for delay. BARNES prays for such other and further relief to which she may be entitled, whether at law or in equity.

Respectfully submitted,

Carolyn Barnes
419 Indian Trail
Leander, Texas 78641
Barnes.legalguidance@gmail.com
281-467-8681

7

## JURAT

COUNTY OF WILLIAMSON

STATE OF TEXAS

Pursuant to Texas Civil Practices and Remedies Code Sec. 132.001, I, Carolyn Barnes, do hereby swear and affirm that the facts stated above are true and correct based on personal knowledge.

I aver that "My name is Carolyn Barnes, by date of birth is January 12, 1957, and my address is 419 Indian Trail, Leander, Texas 78641 in the United States of America. I swear under penalty of perjury that all the facts stated herein are within my personal knowledge and true and correct.

I have read the foregoing Motion for Extension of Time to File the Appellee's Brief and the facts stated within that are not verified by the record are true and correct to the best of her knowledge.

SWORN TO BEFORE ME ON THIS 9th day of December, 2015.

By: _____
Carolyn Barnes

8

## CERTIFICATE OF CONFERENCE

Barnes has conferred with opposing counsel sending several emails to him, but received no response. In the last email, Barnes stated that if she did not receive a response, she would assume he is not opposed to the extension of time. Opposing counsel has been given sufficient opportunity to object, but has not expressed any opposition to this request for an extension of time. Just as Barnes was sending this document, she received a reply email from opposing counsel and he stated that the brief was actually due on November 30, 2015 because it is an expedited appeal, but that he has no objection to the extension of time. He stated "we do not object to an extension."

Carolyn Barnes

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that a true and correct copy of the foregoing document has been served pursuant to Rule 21a of the Texas Rules of Civil Procedure on all counsel of record on this the 9th day of December 2015.